

```
FILED
APR 1 4 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            ac    DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS M. BUCKOVETZ, <br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE NAVY, <br> Defendant. | Case No.: 15-cv-838-BEN (MDD) <br><br> **ORDER:** <br><br> **(1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> **(2) DENYING PLAINTIFF'S MOTION FOR IN CAMERA REVIEW** |

Before this Court is a Motion for Summary Judgment, filed by Defendant United States Department of the Navy. (Docket No. 11.) In opposition, Plaintiff Dennis Buckovetz filed a motion for *in camera* review. (Docket No. 12.)

## BACKGROUND

On September 12, 2014, Plaintiff submitted a Freedom of Information Act ("FOIA") request, seeking all documents relating to and associated with a sexual harassment complaint. Plaintiff requested the complaint itself, email correspondence, and related records resulting from the complaint. Plaintiff is not the complainant or the subject of the complaint. Defendant denied Plaintiff's request in full pursuant to an

attorney-client privilege exemption, citing 5 U.S.C. § 552(b)(5). Plaintiff appealed the denial on January 7, 2015. Even after following up in March 2015, Plaintiff's appeal went unanswered. Plaintiff then initiated this action on April 16, 2015, challenging the denial of his FOIA request.

After Plaintiff filed the instant lawsuit, Defendant subsequently released eighteen pages of responsive documents subject to redactions under Exemption 6. On March 1, 2016, Defendant filed the instant motion for summary judgment, arguing it properly withheld documents and portions thereof pursuant to Exemptions 5 and 6. In support of its motion, Defendant filed the Declaration of Cinthia Christopher, the FOIA Coordinator for the Marine Corps Recruit Depot ("MCRD"), and a *Vaughn* index.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In considering a summary judgment motion, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor. *Anderson*, 477 U.S. at 255.

A moving party bears the initial burden of showing there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It can do so by negating an essential element of the non-moving party's case, or by showing that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id.* The burden then shifts to the non-moving party to show that there is a genuine issue for trial. *Id.*

In an action brought under the FOIA, the withholding agency bears the burden of proving it may withhold documents under one of the exemptions. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). It may meet this burden by submitting affidavits showing that the information falls within the claimed exemption. *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). "In evaluating a claim for

exemption, a district court must accord 'substantial weight' to [agency] affidavits, provided the justifications for nondisclosure 'are not controverted by contrary evidence in the record or by evidence of [agency] bad faith.'" *Id.* (citation omitted).

## DISCUSSION

The FOIA provides for public access to official information that might be "shielded unnecessarily" from public view. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). By enumerating nine exemptions, the FOIA also recognizes that some information may legitimately be kept from the public and allows the government to withhold certain documents and portions thereof. *See* 5 U.S.C. § 552(b)(1)-(9).

### I. Defendant's Motion for Summary Judgment

Defendant contends that it properly withheld documents and redacted documents. Plaintiff argues that Defendant performed an inadequate search for the requested documents. In addition, Plaintiff contends that the declaration and *Vaughn* index do not provide sufficient detail to support the Defendant's nondisclosure.

#### A. Adequate Search

To show compliance with the FOIA, an agency must demonstrate that it "conducted a search reasonably calculated to uncover all relevant documents." *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (citation and internal quotation marks omitted). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but whether the *search* for those documents was *adequate*." *Id.* (emphasis in original).

Upon receiving the FOIA request, Ms. Christopher contacted the human resources office at the MCRD. She was informed that some documents did exist but was referred to a Jennifer Gazzo, Counsel for Labor & Employment Law, to determine which records could be released. Ms. Gazzo concluded that all the documents were protected by attorney-client privilege and attorney work-product. Ms. Gazzo also indicated that the human resources for Camp Pendleton might have responsive records. Ms. Christopher then denied Plaintiff's request pursuant to Exemption 5. Interestingly, the MCRD human

resources office subsequently found more documents which were responsive to Plaintiff's request, and Defendant released them subject to redactions. It does not appear that Ms. Christopher reviewed any documents to determine whether they were responsive to Plaintiff's request or asked other staff members to identify the documents they thought might be responsive, yet subject to exemption.

Plaintiff notes that letters of reprimand, which were issued as a result of an investigation into the harassment complaint, were not released. According to Plaintiff, these documents should have been located as part of his FOIA request because they are records associated with the sexual harassment complaint. In addition, Plaintiff notes that the complainant is a "Non-Appropriated Fund" or "NAF" employee, and thus her personnel file would be located at the NAF human resources office, not the MCRD human resources office. Defendant did not respond to Plaintiff's arguments.

Viewing the facts in the light most favorable to Plaintiff, Defendant has not sufficiently demonstrated that it conducted an adequate search under the FOIA. *See Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1083 (N.D. Cal. 2015).

B. <u>Exemption 6</u>

Pursuant to the (b)(6) exemption, information contained in personnel, medical, and similar files is protected from disclosure where such disclosure would "constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). "Exemption 6 requires the government to balance the individual's right to privacy against the public's interest in disclosure." *Council on Am.-Islamic Relations, Cal. v. FBI*, 749 F. Supp. 2d 1104, 1117 (S.D. Cal. 2010) (citing *Rose*, 425 U.S. at 372 and *Hunt v. FBI*, 972 F.2d 286, 287 (9th Cir. 1992)).

Ms. Christopher declares that the eighteen pages released to Plaintiff subject to redactions were obtained from the complainant's personnel file in the MCRD human resources office. The documents consist of the sexual harassment complaint and correspondence between staff. She claims that the complaint itself was completely

redacted because Defendant has an interest in protecting victims of sexual harassment. From the remaining documents, Defendant redacted employee names and identifying information. Ms. Christopher states that these redactions were made pursuant to Exemption 6. The declaration is vague and conclusory.

The *Vaughn* index indicates that redactions of the same eighteen pages were made pursuant to both Exemption 6 and 7(C). However, the *Vaughn* index is largely inadequate. For example, it concludes that page 11 is an email exchange and, "Names redacted pursuant to Exemption 6 and 7(c) to protect personal privacy." Defendant provides no information as to why disclosing names associated with this email string would qualify as a "clearly unwarranted invasion of personal privacy." Similarly, three more email strings were released with names and statements redacted that might identify the individuals involved in the conversation. Defendant provides no factual basis or authority for redacting names of individuals discussing "the process with which complaints will be investigated."

### C. Exemption 5

"[I]nter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are exempt from disclosure. § 552(b)(5). Documents which are ordinarily privileged in the civil discovery context are protected from disclosure under Exemption 5. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975) (noting the attorney-client and attorney work-product privileges are protected). An agency must support its claim of attorney-client privilege by "show[ing] that these documents involved the provision of specifically *legal* advice or that they were intended to be confidential and were kept confidential." *Nat'l Res. Def. Council v. U.S. Dep't of Def.*, 388 F. Supp. 2d 1086, 1104 (C.D. Cal. 2005) (emphasis in original) (citing *Judicial Watch, Inc. v. U.S. Postal Serv.*, 297 F. Supp. 2d 252, 267 (D.D.C. 2004)).

Defendant failed to meet its burden of showing that the responsive documents are subject to Exemption 5. The *Vaughn* index provided does not address a single document

withheld, in full or in part, by Exemption 5. Nor does Ms. Christopher describe the requested documents in detail. Instead, Ms. Christopher states that she requested any responsive documents, was informed they were all communications with an attorney and that the attorney exerted privilege under section 552(b)(5). The Court "is not allowed to grant summary judgment based on such conclusory statements." *Nat'l Res. Def. Council*, 388 F. Supp. 2d at 1104 (citation omitted).

### D. Conclusion

Defendant has failed to meet its burden under the FOIA. The record is insufficient to show that Defendant conducted an adequate search for the requested documents and that the responsive documents are subject to any exemptions. Defendant's Motion is therefore **DENIED**.

## II. Plaintiff's Motion for *In Camera* Review

Plaintiff asks this Court to review the undisclosed information *in camera* to determine whether the documents should be released.

"[T]he district court must require the government to justify FOIA withholdings in as much detail as possible on the record before resorting to *in camera* review." *Lion Raisins v. U.S. Dep't of Agriculture*, 354 F.3d 1072, 1084 (9th Cir. 2004) (citation omitted).

As Defendant has failed to publicly provide detailed affidavits and an adequate *Vaughn* index, the Court cannot grant Plaintiff's request. Accordingly, Plaintiff's motion for *in camera* review is **DENIED**. *See id.* (district court erred in relying on *in camera* review when government failed to provide detailed declarations).

///
///
///
///
///
///

## CONCLUSION

The Court **DENIES** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for *In Camera* Review. Before May 24, 2016, Defendant shall either release the requested documents to Plaintiff or file a renewed motion for summary judgment with adequate, detailed factual support for withholding such information.

**IT IS SO ORDERED.**

Dated: April 13, 2016

HON. ROGER T. BENITEZ
United States District Judge