UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS M. BUCKOVETZ,<br><br>                                  Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE NAVY,<br><br>                                  Defendant. | Case No.: 3:15-cv-00838-BEN-MDD<br><br>**ORDER HOLDING RENEWED MOTION FOR SUMMARY JUDGMENT IN ABEYANCE UNTIL RECORD SUPPLEMENTED** |

Before this Court is Defendant's Renewed Motion for Summary Judgment. (Mot., ECF No. 16.) Plaintiff opposed (Opp'n, ECF No. 18), and Defendant filed a reply (Reply, ECF No. 19). Plaintiff then filed a motion for leave to file a surreply.[1] (ECF No. 20). For the reasons discussed below, the Court holds Defendant's motion in abeyance

---

[1] The Local Rules in the Southern District of California do not authorize the filing of a surreply. Still, district courts have discretion to either permit or preclude the filing of a surreply. *See United States v. Venture One Mortg. Corp.*, No. 13-cv-1872, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015). Considering that Plaintiff is proceeding pro se, the Court **GRANTS** Plaintiff's motion for leave to file a surreply. However, Plaintiff is advised to follow the Local Rules of this District. Future surreplies may not be granted.

until it supplements the record regarding the adequacy of its search for responsive documents.

## BACKGROUND

On September 12, 2014, Plaintiff submitted a Freedom of Information Act ("FOIA") request, seeking all documents relating to and associated with a sexual harassment complaint. Plaintiff requested the complaint itself, email correspondence, and related records resulting from the complaint. Plaintiff is not the complainant or the subject of the complaint. Defendant denied Plaintiff's request in full pursuant to an attorney-client privilege exemption, citing 5 U.S.C. § 552(b)(5). Plaintiff appealed the denial on January 7, 2015. Even after following up in March 2015, Plaintiff's appeal went unanswered. Plaintiff then initiated this action on April 16, 2015, challenging the denial of his FOIA request.

After Plaintiff filed the instant lawsuit, Defendant subsequently released eighteen (18) pages of responsive documents subject to redactions under Exemption 6. On March 1, 2016, Defendant filed a motion for summary judgment. This Court denied Defendant's motion, holding that the record was insufficient to find that Defendant conducted an adequate search for the requested documents and that the responsive documents are subject to any exemptions. (MSJ Order at 6, ECF No. 15.) Defendant then renewed its motion for summary judgment, which is before the Court now. It argues that the Department properly withheld documents and portions thereof pursuant to Exemptions 6 and 7(C). In support of its motion, Defendant filed the Declaration of Cinthia Christopher, the FOIA Coordinator for the Marine Corps Recruit Depot ("MCRD"), and a *Vaughn* index.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In considering a summary judgment motion, the evidence of the nonmovant is to be

believed, and all justifiable inferences are to be drawn in his or her favor. *Anderson*, 477 U.S. at 255.

A moving party bears the initial burden of showing there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It can do so by negating an essential element of the non-moving party's case, or by showing that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id.* The burden then shifts to the non-moving party to show that there is a genuine issue for trial. *Id.*

In an action brought under the FOIA, the withholding agency bears the burden of proving it may withhold documents under one of the exemptions. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). It may meet this burden by submitting affidavits showing that the information falls within the claimed exemption. *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). "In evaluating a claim for exemption, a district court must accord 'substantial weight' to [agency] affidavits, provided the justifications for nondisclosure 'are not controverted by contrary evidence in the record or by evidence of [agency] bad faith.'" *Id.* (citation omitted).

## DISCUSSION

The FOIA provides for public access to official information that might be "shielded unnecessarily" from public view. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). By enumerating nine exemptions, the FOIA also recognizes that some information may legitimately be kept from the public and allows the government to withhold certain documents and portions thereof. *See* 5 U.S.C. § 552(b)(1)-(9).

Defendant contends that it properly withheld and redacted documents. Plaintiff argues that Defendant performed an inadequate search for the requested documents. In addition, Plaintiff contends that the declaration and *Vaughn* index do not provide sufficient detail to support the Defendant's nondisclosure.

### I. Adequate Search

To show compliance with the FOIA, an agency must demonstrate that it

"conducted a search reasonably calculated to uncover all relevant documents." *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (citation and internal quotation marks omitted). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but whether the *search* for those documents was *adequate*." *Id.* (emphasis in original). In demonstrating the adequacy of the search, the agency may rely on "reasonably detailed, nonconclusory affidavits submitted in good faith," *Zemansky*, 767 F.2d at 571, describing "what records were searched, by whom, and through what process," *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1082 (N.D. Cal. 2015) (internal citation omitted). The purpose of this requirement is to "afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment." *Id.* (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

Upon receiving the FOIA request, Ms. Christopher contacted the Non-Appropriated Fund ("NAF") employees' Human Resources Office ("HRO") at the MCRD. (Christopher Decl. ¶¶ 7, 8.) The complainant was a NAF employee and, therefore, her personnel record and any records about civilian complaints would be kept at the NAF HRO. (*Id.* ¶ 7.) Ms. Christopher spoke to Tina Broadaway, the NAF HRO Director. (*Id.*) Ms. Broadaway explained that while normally a NAF employee would file a complaint with the NAF HRO, in this case, the complainant spoke to Joetonya Ignacio in the Civil Service ("CS") employees' HRO at the MCRD. (*Id.* ¶ 8.) Ms. Ignacio was the CS HRO Equal Employment Opportunity ("EEO") Representative. (*Id.*) Because of the circumstances of the complaint, the complaint was kept at the CS HRO, and an EEO file was opened there. (*Id.*) Ms. Broadaway told Ms. Christopher that the NAF HRO did not have any records responsive to Plaintiff's request. (*Id.*)

Ms. Christopher spoke to Ms. Ignacio, who was unsure about what records could be released and referred Ms. Christopher to Jennifer Gazzo, Counsel for Labor & Employment Law with the Western Area Counsel Office at Camp Pendleton. (*Id.* ¶ 10.)

Ms. Gazzo reviewed her files and concluded that any responsive records were protected by the attorney-client privilege and attorney work product doctrine.  (*Id.* ¶ 13.)  Ms. Gazzo also indicated that the HRO at Camp Pendleton might have responsive records.  (*Id.*)  Ms. Christopher then denied Plaintiff's request, which included a partial referral to the Camp Pendleton FOIA coordinator.  (*Id.* ¶ 16.)

The Camp Pendleton FOIA coordinator forwarded Plaintiff's request to the Camp Pendleton HRO.  (*Id.* ¶ 17.)  The HRO replied that "[t]he information requested by Mr. Buckovetz does not exist."  (*Id.*)  The Camp Pendleton FOIA coordinator subsequently mailed Plaintiff a negative responsive.  (*Id.*)

After Plaintiff filed his complaint in this Court, the MCRD CS HRO was again queried for responsive records.  (*Id.* ¶ 20.)  "The complete entire EEO record about the incident, including emails, was physically retrieved from the CS HRO office on February 18, 2016, and photocopied.  A review of these documents was conducted to determine whether any of the documents were responsive to the Plaintiff's request."  (*Id.*)  Ms. Christopher identified 18 pages of responsive documents and released them subject to redactions.  (*Id.* ¶¶ 20, 21.)

Here, while it appears that Ms. Christopher searched the three offices most likely to have records—the MCRD NAF HRO, the MCRD CS HRO, and the Camp Pendleton HRO—her declaration fails to explain adequately how those searches were conducted.  Rather, her declaration asserts in a conclusory manner that the NAF HRO and the Camp Pendleton HRO did not have responsive records.  It is unclear whether Ms. Broadaway actually searched NAF HRO records, or whether she told Ms. Christopher that her office did not have responsive records based on the fact that "a decision was made to keep the complaint at the CS HRO."  (*Id.* ¶ 8.)  If Ms. Broadaway conducted a search, the declaration provides no information about what records were searched and what processes were utilized.  Similarly, although it is clear that the Camp Pendleton HRO searched its records (*see* Ex. 4, Camp Pendleton FOIA Resp. Ltr. to Plaintiff ("A thorough search of the requested records was conducted")), Ms. Christopher's declaration

does not describe "what records were searched, by whom, and through what process." *Our Children's Earth Found.*, 85 F. Supp. 3d at 1082. Finally, with respect to the search in the CS HRO, Ms. Christopher declares that the office was "queried for responsive records," and then the "complete entire EEO record" was found, reviewed, and redacted. (*Id.* ¶ 20, 21.) But there is no explanation how the search was conducted and who was involved.

Therefore, on the basis of Ms. Christopher's insufficient declaration, the Court cannot find whether the search method was reasonably calculated to uncover all relevant documents. The Court orders Defendant to submit a supplemental declaration regarding the adequacy of its search that cures the deficiencies noted above. Such a declaration must be filed within 21 days of the date of this Order. Plaintiff may file a response no later than 14 days after the record has been supplemented.

## II. Exemptions 6 and 7(C)

Although the Court cannot rule on the adequacy of Defendant's search, it will consider whether the 18 pages of responsive documents from the EEO file are subject to the protections of FOIA exemptions (b)(6) and (b)(7)(C). Defendant contends that all 18 pages from the EEO file are subject to both exemptions. (Revised *Vaughn* Index, ECF No. 16-2.) This Court previously denied summary judgment because Defendant failed to provide a nonconclusory, detailed affidavit and an adequate *Vaughn* index. (MSJ Order at 6.) For the instant motion, Defendant has supplemented its declaration and *Vaughn* index regarding the withheld information.

Under the (b)(6) exemption, information contained in personnel, medical, and similar files is protected from disclosure where such disclosure would "constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Pursuant to the (b)(7)(C) exemption, information compiled for law enforcement purposes is exempt from disclosure when the information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." § 552(b)(7)(C). Exemption 7(C) is similar to, but broader than, Exemption 6. Both Exemptions 6 and 7(C) require the court to

balance the individual's privacy interest against the public's interest in disclosure. *Council on Am.-Islamic Relations, Cal. v. FBI*, 749 F. Supp. 2d 1104, 1117, 1120 (S.D. Cal. 2010) (internal citations omitted).

      Here, Plaintiff does not challenge the Defendant's classification of the documents as personnel and law enforcement records. Plaintiff also does not object to the withholding of pages 1 through 7. (Opp'n at 12.) Rather, Plaintiff argues that he is entitled to the names of individuals involved in the investigation on pages 8 through 18. (*Id.* at 9.) This Court disagrees.

      As noted, the documents at issue relate to an investigation of a sexual harassment complaint. Defendant redacted the names of the complainant, accused co-workers, witnesses, and government employees involved in the investigation, as well as substantive information that could reveal the individuals' identities. (*See* Mot. at 7-8; Revised *Vaughn* Index; Christopher Decl. ¶¶ 30-35.) Defendant also redacted the complainant's factual allegations about the harassment, which include describing the conduct and identifying accused co-workers and witnesses. (*Id.*) These individuals have a legitimate interest in keeping this information from public view. *See Prudential Locations LLC v. U.S. Dep't of Hous. & Urban Dev.*, 739 F.3d 424, 431 (9th Cir. 2013) ("Individuals not only have an obvious privacy interest in being free from retaliation, harassment, embarrassment, or stigma. They also have a privacy interest in simply 'keeping personal facts away from the public eye.'"); *Sinsheimer v. U.S. Dep't of Homeland Sec.*, 437 F. Supp. 2d 50, 56 (D.D.C. 2006) ("The disclosure of the names of witnesses, plaintiff's co-workers, investigators, and other personnel mentioned in the reports of investigations, who have thus been implicated—directly or indirectly—in these sexual harassment charges, would be extremely invasive of a well-recognized privacy interest.")

      Moreover, Plaintiff has not shown that the public interest outweighs the privacy interests at stake. The only relevant public interest is the extent to which disclosure would shed light on the agency's performance. *See U.S. Dep't of Def. v. Fed. Labor*

*Relations Auth.*, 510 U.S. 487, 495-96 (1994). "That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *Id.* at 496 (internal citation omitted). Here, Plaintiff has failed to demonstrate that disclosure would advance the public knowledge of government operations. And, there is no evidence contradicting the agency's justifications for nondisclosure or of agency bad faith. Rather, Plaintiff's focus appears to be on his own personal interest in the documents. (*See* Opp'n at 6-7.) But, Plaintiff's personal reasons for wanting the information are not legally cognizable factors in determining the propriety of withholding the documents. *See, e.g.*, *U.S. Dep't of Def.*, 510 U.S. at 496.

Therefore, the 18 pages of documents from the EEO file have been properly withheld or redacted pursuant to Exemptions 6 and 7(C). If Defendant can demonstrate the adequacy of its search, then this Court will grant its motion for summary judgment. However, until the Court is given sufficient information to make such a ruling, it holds Defendant's motion in abeyance. *See Our Children's Earth Found.*, 85 F. Supp. 3d at 1088 (holding motions for summary judgment in abeyance pending supplementation of the record regarding government's FOIA exemption claims).

## CONCLUSION

For the reasons set forth above, the Court **HOLDS IN ABEYANCE** Defendant's Renewed Motion for Summary Judgment until the record is supplemented regarding the adequacy of its search for responsive documents. Defendant must supplement the record within 21 days of the signature date of this Order.

**IT IS SO ORDERED.**

Dated: November 4, 2016

Hon. Roger T. Benitez
United States District Judge