1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   DENNIS M. BUCKOVETZ,                  Case No.:  3:15-cv-00838-BEN-MDD

12                              Plaintiff,  **ORDER GRANTING RENEWED**
                                            **MOTION FOR SUMMARY**
13   v.                                     **JUDGMENT**

14   U.S. DEPARTMENT OF THE NAVY,
                                            **[ECF No. 16]**
15                             Defendant.

16

17        Before this Court is Defendant's Renewed Motion for Summary Judgment.  (Mot.,

18   ECF No. 16.)  Plaintiff seeks documents relating to a sexual harassment complaint.

19   Plaintiff was not the complainant or the subject of the complaint, but was reprimanded as

20   a result of the investigation of the complaint.  For the reasons discussed below, the Court

21   **GRANTS** Defendant's motion for summary judgment.

22                                  **BACKGROUND**

23        On September 12, 2014, Plaintiff submitted a Freedom of Information Act

24   ("FOIA") request, seeking all documents relating to and associated with a sexual

25   harassment complaint.  Plaintiff requested the complaint itself, email correspondence,

26   and related records resulting from the complaint.  Defendant denied Plaintiff's request in

27   full pursuant to an attorney-client privilege exemption, citing 5 U.S.C. § 552(b)(5).

28   Plaintiff appealed the denial on January 7, 2015.  Even after following up in March 2015,

Plaintiff's appeal went unanswered.  Plaintiff then initiated this action on April 16, 2015, challenging the denial of his FOIA request.

After Plaintiff filed the instant lawsuit, Defendant subsequently released eighteen (18) pages of responsive documents subject to redactions under Exemption 6.  On March 1, 2016, Defendant filed a motion for summary judgment.  This Court denied Defendant's motion, holding that the record was insufficient to find that Defendant conducted an adequate search for the requested documents and that the responsive documents are subject to any exemptions.  (MSJ Order at 6, ECF No. 15.)  Defendant then renewed its motion for summary judgment, which is before the Court now.  It argues that the Department properly withheld documents and portions thereof pursuant to Exemptions 6 and 7(C).  In support of its motion, Defendant filed the Declaration of Cinthia Christopher, the FOIA Coordinator for the Marine Corps Recruit Depot ("MCRD"), and a *Vaughn* index.

On November 11, 2016, this Court issued an order holding the renewed motion for summary judgment in abeyance until the record was supplemented again.  (MSJ Abeyance Order, ECF No. 22.)  The Court found that although Ms. Christopher's declaration indicated that she "searched the three offices most likely to have records—the MCRD NAF HRO, the MCRD CS HRO, and the Camp Pendleton HRO—her declaration fails to explain adequately how those searches were conducted."  (*Id.* at 5.)  The Court could not rule on the adequacy of Defendant's search and ordered Defendant to supplement the record on this issue.  The Court also concluded that the 18 pages of responsive documents from the EEO file are subject to the protections of FOIA exemptions 6 and 7(C).  Thus, the Court held that if "Defendant can demonstrate the adequacy of its search, then this Court will grant its motion for summary judgment."  (*Id.* at 8.)

Subsequently, Defendant filed supplemental declarations from Tina Broadaway, Jennifer Gazzo, and Jalynn Peterson regarding the adequacy of its search.  (ECF No. 23.)  Plaintiff responded.  (ECF No. 27.)  Defendant then replied to Plaintiff's response.  (ECF

No. 30.)  Plaintiff responded to Defendant's reply.  (ECF No. 34.)

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  In considering a summary judgment motion, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor. *Anderson*, 477 U.S. at 255.

A moving party bears the initial burden of showing there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  It can do so by negating an essential element of the non-moving party's case, or by showing that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id.* The burden then shifts to the non-moving party to show that there is a genuine issue for trial. *Id.*

In an action brought under the FOIA, the withholding agency bears the burden of proving it may withhold documents under one of the exemptions. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  Part of satisfying this burden includes demonstrating that it "conducted a search reasonably calculated to uncover all relevant documents." *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (citation and internal quotation marks omitted).  "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but whether the *search* for those documents was *adequate*." *Id.* (emphasis in original).  In demonstrating the adequacy of the search, the agency may rely on "reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.* The purpose of this requirement is to "afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment." *Id.* (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

/ / /

# DISCUSSION

The only question before the Court is whether the agency conducted an adequate search.  The Court concludes that it did.

## A. History of the Search

Upon receiving the FOIA request in late 2014, Ms. Christopher contacted the Non-Appropriated Fund ("NAF") employees' Human Resources Office ("HRO") at the Marine Corps Recruit Depot ("MCRD").  (Christopher Decl. ¶¶ 7, 8.)  The complainant was a NAF employee and, therefore, her personnel record and any records about civilian complaints would be kept at the NAF HRO.  (*Id.* ¶ 7.)  Ms. Christopher spoke to Tina Broadaway, a NAF HRO Director at Marine Corps Community Services ("MCCS") of the MCRD.  (*Id.*; Broadaway Decl. ¶ 1-2.)  Ms. Christopher requested from Ms. Broadaway any and all responsive documents.  (Broadaway Decl. ¶ 5.)  Ms. Broadaway explained that while normally a NAF employee would file a complaint with the NAF HRO, in this case, the NAF HRO decided after consultation with legal counsel that the MCRD's Civil Service/General Schedule ("CS") HRO should process the complaint.  (*Id.* ¶¶ 7-8.)  This decision was made because the complaint involved senior staff, including a supervisor in Ms. Broadaway's direct chain of command.  (*Id.* ¶ 7.)  Ms. Broadaway told Ms. Christopher that the complainant spoke to Joetonya Ignacio, an Equal Employment Opportunity ("EEO") Representative in the CS HRO at the MCRD.  (Christopher Decl. ¶ 8.)  The complaint and EEO file were kept at the CS HRO.  (*Id.*)  Nevertheless, even though the NAF HRO did not process the complaint, Ms. Broadaway searched MCCS HR records, including both electronically stored and hard copy files, and found that no relevant records existed.  (Broadaway Decl. ¶ 9.)

Ms. Christopher spoke to Ms. Ignacio, who was unsure about what records could be released and referred Ms. Christopher to Jennifer Gazzo, Counsel for Labor & Employment Law with the Western Area Counsel Office at Camp Pendleton.  (Christopher Decl. ¶ 10.)  Ms. Gazzo had provided legal advice on the complainant's allegations.  (Gazzo Decl. ¶ 6.)  Ms. Gazzo reviewed her hard copy and electronically

stored files and concluded that any records were protected by the attorney-client privilege and attorney work product doctrine because the complaint and collateral disciplinary matters were still pending litigation.  (Christopher Decl. ¶ 13; Gazzo Decl. ¶¶ 8-9.)  Ms. Gazzo also recommended that the MCCS HR office at the MCRD and the regional EEO office at Camp Pendleton might have responsive records.  (Christopher Decl. ¶ 13; Gazzo Decl. ¶ 10.)

Ms. Christopher then drafted a partial denial response letter to Plaintiff, which was signed by the MCRD Chief of Staff, Colonel Michael J. Lee.  (Christopher Decl. ¶ 15 & Encl. 2.)  The letter explained that the agency records were exempt from disclosure under Exemption 5, which covers documents protected from disclosure under the attorney-client privilege.  (*Id.*)  The letter also included a partial referral to the Marine Corps Installations West ("MCI-W") FOIA coordinator at Camp Pendleton.  (*Id.*)

The MCI-W FOIA coordinator, Elisa Reyes, forwarded Plaintiff's request to Jalynn Peterson, a Human Resources Specialist at the MCI-W, Camp Pendleton HRO. (Peterson Decl. ¶ 1, 5 & Encl. 1.)  Ms. Peterson searched the MCI-W records, including both hard copy and electronically stored files, for responsive records.  (*Id.* ¶ 6.)  She did not locate any responsive records at the MCI-W HRO.  (*Id.* ¶ 7.)  She replied to Ms. Reyes that the information requested by Plaintiff did not exist.  (*Id.* ¶ 8 & Encl. 1.)  Ms. Reyes subsequently mailed a negative response letter to Plaintiff.  (Christopher Decl. Encl. 4.)

After Plaintiff filed his complaint in this Court, the MCRD CS HRO was again queried for responsive records.  (*Id.* ¶ 20.)  Ms. Christopher declares, "The complete entire EEO record about the incident, including emails, was physically retrieved from the CS HRO office on February 18, 2016, and photocopied.  A review of these documents was conducted to determine whether any of the documents were responsive to the Plaintiff's request."  (*Id.*)  Ms. Christopher identified 18 pages of responsive documents and released them subject to redactions.  (*Id.* ¶¶ 20, 21.)

/ / /

**B. The Search Was Adequate**

Defendant's search was reasonably calculated to uncover all records responsive to Plaintiff's request. *Zemansky*, 767 F.2d at 571. Defendant began its search at the most logical place for the records, the NAF HRO. Upon learning that the NAF HRO did not process the complaint, Ms. Christopher sought records from the CS HRO, the office that kept the complaint and file. The CS HRO referred Ms. Christopher to Ms. Gazzo. Ms. Gazzo's records were exempt from disclosure at the time due to pending litigation, but she referred Ms. Christopher to the MCCS HR office and the MCI-W HRO. Ms. Broadaway had already searched the MCCS HR files and did not find anything responsive. The MCI-W HRO searched its records and also did not find any relevant records. The searches of the MCCS HRO and MCI-W HRO included both hard copy and electronically stored information. Upon initiation of this litigation, the CS HRO again searched for records and the "complete entire EEO record" was retrieved by Ms. Christopher. (Christopher Decl. ¶ 20.) The file included the complaint itself and email correspondence. (*Id.* ¶ 21.)

Thus, Defendant searched the locations most likely to have records. Searches were conducted of hard copy and electronic records by personnel whose duties included responding to FOIA requests. The submitted affidavits are reasonably detailed and non-conclusory and are entitled to a presumption of good faith. *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770 (9th Cir. 2015) ("Affidavits submitted by an agency to demonstrate the adequacy of its response are presumed to be in good faith.").

Plaintiff's arguments that the search was inadequate are unavailing. Plaintiff first argues that he was never contacted by anyone to clarify his request. But it is Plaintiff's responsibility to be specific in his request. He does not declare that he affirmatively sought to clarify his request. Plaintiff could have submitted other FOIA requests specifying the records he sought. Plaintiff is no novice to FOIA requests and has submitted several requests in connection with the sexual harassment complaint. *See Buckovetz v. U.S. Dep't of Navy*, No. 3:14-cv-02115-BEN (S.D. Cal). Plaintiff's

argument is not well-taken.

Plaintiff next takes issue with Ms. Gazzo's declaration, contending that it offers conclusory statements. The Court finds her declaration is sufficient to conclude that a reasonable and adequate search was conducted. Plaintiff also argues that the Defendant's revised *Vaughn* index is not sufficient to explain why each document falls under Exemption 5, the exemption that Ms. Gazzo claimed at the time that Ms. Christopher spoke to her. However, Plaintiff forgets that the Court did not base its prior ruling on Exemption 5. In its November 2016 order, the Court considered Defendant's revised *Vaughn* index and found that the EEO file documents have been properly withheld or redacted under Exemptions 6 and 7(C). (MSJ Abeyance Order at 8.)

Plaintiff's third argument relates to the search of emails. He contends that the search methodology was inadequate because the files only contain printed copies of emails and "[t]here is no indication in any of the Defendant's filings that the usmc-mccs.org or the usmc.mil computer email systems were searched for responsive records that may only exist in electronic form." (Pl. Resp. at 3, ECF No. 27.) As an initial matter, Ms. Broadaway, Ms. Gazzo, and Ms. Peterson declared that they *did* search electronically stored files. Plaintiff's contention, therefore, is untrue. Furthermore, Defendant explains that, in creating personnel files, government employees print emails and place them in personnel files to record actions taken or document certain events. (Def. Reply at 1-2, ECF No. 30.) The Court finds no fault with the fact that the EEO file contains hard copies of emails, rather than their electronic equivalents. As to whether Defendant needed to conduct a broader email search, Defendant argues that without additional detail from Plaintiff about what he sought, it would have been burdensome for the government to search the emails of all government employees during the time to determine whether any discussed the sexual harassment complaint. (*Id.* at 2.) The Court agrees. *See Oglesby*, 920 F.2d at 68 ("There is no requirement that an agency search every record system.").

Finally, Plaintiff argues that certain documents should have been found in the

searches but were not.  Specifically, he contends that "official command correspondence files" exist at the MCRD and Camp Pendleton and that these files were not searched.  He bases this argument on the notation at the bottom of his letter of reprimand, which states "Copy to:  MCRD/WRR HRO (and) File."  (Pl. Resp. at 3-4 & Spencer Decl.)  He states that the word "File" refers to an official command correspondence file.  Defendant responds that "[t]he correspondence files that [Plaintiff] speaks of are employee records located in HRO and those were previously searched."  (Def. Reply at 3.)  The Court is satisfied that the relevant locations were searched.  An allegation that somewhere there may be additional responsive documents relevant to the question of the adequacy of the search does not create a genuine issue for trial.  *See Hamdan*, 797 F.3d at 772; *NYC Apparel FZE v. U.S. Customs & Border Prot.*, 484 F. Supp. 2d 77, 88 (D.D.C. 2007); *Finney v. Social Sec. Admin.*, No. 12-cv-2805, 2014 WL 1025561, at *4 (E.D. Cal. Mar. 14, 2014).

"Plaintiff[] [was] entitled to a reasonable search for records, not a perfect one. And a reasonable search is what [he] got.  [The Department of the Navy] complied with [its] obligations to search for records under FOIA."  *Hamdan*, 797 F.3d at 772.[1]

---

[1] In Plaintiff's Response to Defendant's Reply to Plaintiff's Response to Defendant's Supplemental Declarations (ECF No. 34), Plaintiff raises a new argument unrelated to the adequacy of the searches.  He contends that the "*Vaughn* index is insufficient because it does not . . . address segregability."  (*Id.* at 4.)  FOIA provides that any "reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."  5 U.S.C. § 552(b).  Only the first eight pages of the EEO file were withheld in full, and Plaintiff did not object to the withholding of pages 1 through 7.  (MSJ Abeyance Order at 7 (citing Pl. Opp'n at 12.))  Thus, only page 8 is at issue.  The *Vaughn* index explains that this page is a form entitled "EEO Intake/Informal Counseling Tracking."  It constitutes a portion of the complaint "in which the complainant provides personally identifying information and provides her factual allegations regarding alleged sexually harassing conduct, including describing the conduct and identifying the accused co-workers and other witnesses."  (*Vaughn* Index, ECF No. 16-2.)  Defendant explains that "disclosure would constitute an invasion of the personal privacy of the complainant and other individuals mentioned

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Renewed Motion for Summary Judgment.  (ECF No. 16.)

**IT IS SO ORDERED.**


Dated:  February 3, 2017

Hon. Roger T. Benitez
United States District Judge

---

therein."  (*Id.*)  Defendant attaches a blank copy of this page at Enclosure 7 to the Christopher Declaration.  Considering the type of information requested in the blank form and Defendant's statement in its *Vaughn* index, the Court concludes that there is no reasonably segregable, nonexempt information on page 8.  Page 8 is exempt under Exemptions 6 and 7(C) because disclosure would constitute an unwarranted invasion of personal privacy.